IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

MELISSA WILLIAMS, as Next of Kin
of MARJORIE LOVVORN, Deceased,
and as Executrix of the Estate of
MARJORIE LOVVORN, Deceased,                    Civil Action File No.

       Plaintiffs,

v.

WAL-MART STORES EAST, LP. d/b/a
WAL-MART STORE #722,
JOSEPH SETTOON AND JOHN DOES 1-5,

       Defendants.
_____/

## **NOTICE OF REMOVAL**

COME NOW, WAL-MART STORES EAST, LP, and JOESPH SETTOON, named Defendants in the above-captioned matter, by and through its counsel of record, within the time prescribed by law, and files this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiffs filed suit against Defendants WAL-MART STORES EAST, LP, and JOSEPH SETTOON (correctly named Joseph P. Settoon) in the State Court of Carroll County, Georgia, which is within the Newnan Division of this Court. 28 U.S.C.A. § 90 (a)(4).   Said lawsuit is styled as above and is

numbered as Civil Action File No. STCV2020000275.   Plaintiffs' claims against
Defendants include claims of negligence and wrongful death.

2.

Plaintiff filed the Complaint on March 31, 2020.   Defendant WAL-MART
STORES EAST, LP d/b/a WAL-MART STORE #722 received service of summons
and a copy of the Complaint on April 6, 2020. Defendants WAL-MART STORES
EAST, LP d/b/a WAL-MART STORE #722 and Joseph Settoon file this notice of
Removal within thirty (30) days after service of summons and a copy of this
Complaint.

3.

Defendant WAL-MART STORES EAST, LP is a Delaware limited
partnership, of which WSE Management, LLC is the only general partner, and WSE
Investment, LLC is the only limited partner. The sole member of WSE Management,
LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC, and the sole
member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc. Wal-Mart Stores,
Inc. is a Delaware corporation with its principal place of business in the State of
Arkansas, and it was not a citizen of the State of Georgia at the time of or
immediately prior to the filing and service of this lawsuit or at any time thereafter.
The principal place of business for all entities mentioned in this paragraph is 124
West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

4.

The citizenship of the fictitious John Doe Defendants is disregarded for purposes of determining jurisdiction. 28 U.S.C. § 1441(a).

5.

Plaintiff's complaint also names as a Defendant Joseph Settoon, who is alleged to be a resident of Georgia, and is further alleged to have been employed by Wal-Mart Stores East, LP d/b/a Wal-Mart Store #722 at its store located in Carrollton, Georgia.

6.

The citizenship of Joseph Settoon should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441 because Plaintiffs have no possibility of recovery against him, therefore, he has been fraudulently joined in this action solely for the purpose of defeating federal diversity jurisdiction.   See, e.g., Illinois Cent R.R. v. Sheegog, 215 U.S. 308 (1909); Tapscott v. MS Dealer Services Corp., 77 F.3d 1353 (11th Cir. 1996).

7.

Although the complaint attempts to include Joseph Settoon as a defendant, the factual allegations of the complaint as set forth in Count II (paragraphs 23 – 30)

of the Complaint as to Joseph Settoon are untrue and in the exercise of proper diligence should have been known to be untrue by Plaintiff , because Joseph Settoon was not working at the subject Walmart Store No. 722 on June 19, 2019. (See the Declaration of Joseph P. Settoon attached to this Notice of Removal as Exhibit A hereto and by reference incorporated herein.) Accordingly, it is apparent that Plaintiff sued Joseph P. Settoon solely as a means of avoiding removal and jurisdiction in this Court constituting fraudulent joinder, and that this action as to Joseph P. Settoon should be disregarded for purposes of removal and diversity jurisdiction. See Glenn v. Wal-Mart Stores East, LP et al, U.S.D.C. N.D. Ga Civil Action No. 1:18-CV-1119- CAP (2018); Nix v. Wal-Mart Stores East, LP, 2007 W.L. 9703188 (N.D. Ga. Civ. Action No. 1:06-CV-3052-CAP).

8.

Defendants further show that Defendant Joseph Settoon was not an owner, occupier, or operator of the subject premises and did not undertake sole and complete control and management of the subject premises. Defendant Joseph Settoon was not supervising any premises or personnel at the premises on the date of the incident or even present at the premises on the date of this incident. Plaintiff's decedent was not an invitee or licensee of Defendant Joseph Settoon.   Defendant Joseph Settoon did

-4-

not owe or breach any independent duty to Plaintiffs. (See Declaration of Joseph Settoon, attached as Exhibit "A").

9.

Removal is appropriate because Plaintiffs have "no real intention to get a joint judgment, and . . .there [is] no colorable ground for so claiming." AIDS Counseling and Testing Centers v. Group W. Television, 903 F.2d 1000, 1003 (4th Cir. 1990).   As demonstrated by the lack of allegations in the complaint directed solely toward Joseph Settoon, it is evident that no viable claim for relief can be stated against the non-diverse Defendant, and his joinder is a sham to avoid removal of this action which should be disregarded by the Court. Furthermore, Settoon should be dropped as a party pursuant to F.R.C.P. Rule 21.

10.

Plaintiff Melissa Williams, both individually and as Executor of the Estate of Marjorie Lovvorn, deceased, is a citizen of the State of Georgia.

11.

Complete diversity of citizenship exists between Plaintiffs and Defendants, disregarding the citizenship of improperly and fraudulently joined Defendant Settoon.

12.

Plaintiff Melissa Williams alleges wrongful death of the decedent, Marjorie Lovvorn, and seeks the "full value of the life" of said Decedent (Complaint paragraphs 22 and 32), as well as pain and suffering during the life of the Decedent following the alleged incident, and that Decedent "incurred over $80,000 of medical expenses" (Complaint paragraph 31).    The amount in controversy, exclusive of interest and costs, exceeds $75,000.

13.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete diversity of citizenship between Plaintiffs and Defendants.

14.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendants have attached as Exhibit "B" copies of all the pleadings that were provided to and served upon Defendants, including copies of all pleadings that have been filed to date in the State Court of Gwinnett County, Georgia for the above-styled case.

15.

Pursuant to 28 U.S.C. § 1446, Defendants are not required to file a removal bond.

16.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

17.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Carroll County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendants WAL-MART STORES EAST, LP (improperly described in the caption and complaint as "d/b/a WAL-MART STORE #722") and JOSEPH SETTOON pray that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Newnan Division.

McLAIN & MERRITT, P.C.

_____/s/ Robert B. Hill_____
Robert B. Hill
Georgia State Bar No. 354450
Attorneys for Defendants

3445 Peachtree Road, N.E., Ste. 500
Atlanta GA   30326-3240
(404) 266-9171

The undersigned counsel certifies that the foregoing Notice of Removal has been prepared with one of the font and point selections approved by the court in LR 5.1B.

_____/s/ Robert B. Hill_____
Robert B. Hill

-7-

## **CERTIFICATE OF SERVICE**

This is to certify that on 1st day of May 2020, I electronically filed a **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

McLAIN & MERRITT, P.C.

/s/ Robert B. Hill
Robert B. Hill
Georgia State Bar No. 354450
Attorneys for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA   30326-3240
(404) 266-9171
bhill@mmatllaw.com
404-365-4549