IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

MELISSA WILLIAMS, as Next of Kin
of MARJORIE LOVVORN, Deceased,
and as Executrix of the Estate of
MARJORIE LOVVORN, Deceased,

          Plaintiff,

v.

WAL-MART STORES EAST, LP d/b/a
WAL-MART STORE #722,
JOSEPH SETTOON and JOHN DOES 1-5,

          Defendants.

Civil Action File No.
_____

## DECLARATION OF JOSEPH P. SETTOON

Pursuant to the provisions of 28 U. S. C. §1746, JOSEPH P. SETTOON, states and declares as follows:

1.

I am over the age of eighteen (18) years; I am suffering from no legal disabilities, and I am competent to make this Affidavit. The facts set forth in this Affidavit are based upon my personal knowledge.

2.

In the Complaint filed in this action, Plaintiff Melissa Williams as next of kin and Executor of the Estate Marjorie Lovvorn, deceased (said Melissa Williams being hereinafter called "Plaintiff" both in her individual and fiduciary capacity



as Executor, and Marjorie Lovvorn being hereinafter called the "Decedent") allege that on June 19, 2019, Decedent slipped and fell while shopping inside Walmart Store No. 722, located at 1735 South U.S. Highway 27, Carrollton, Georgia 30117.

3.

I have been the Store Manager at Walmart Store No. 722 since December 13, 2016. During the year 2019 I have had regular scheduled off days of Wednesday and Sunday each week.

4.

I am certain that I did not work at Walmart Store No. 722 on Wednesday, June 19, 2019, the date of Decedent 's alleged incident.  Since I was not on the premises of Walmart Store No. 722 on that date, I was not personally involved in or responsible for inspecting any portion of Walmart Store No. 722 on that date. Since I was not at Walmart Store No. 722 on that date, I was not personally supervising any other employees at the store.

5.

On Wednesday, June 19, 2019, I did not personally spill or place any substance or produce on the floor of Walmart Store No. 722, and I had no personal knowledge of any such alleged hazard occurring or existing on that



date.

6.

I also was not involved in the investigation of Decedent's alleged slip and fall incident, because the investigation was performed by another salaried manager of Walmart Store No. 722 before I returned to work following the day. I have no personal knowledge about the Decedent's slip and fall incident.

7.

I have never personally owned any interest in or leased the premises at Walmart Store No. 722, and I have never agreed to accept complete control and custody of Walmart Store No. 722.

8.

I have never had legal authority to sign any lease for the premises where Walmart Store No. 722 operates, nor have I ever signed or been involved in the negotiation or approval of any lease of the Store or any other agreements by which the Store is occupied or operated.

9.

I have never had any individual or personal right of possession to the premises of Walmart Store No. 722.



10.

I have never personally employed anyone who has worked on the premises of Walmart Store No. 722, and I have never been personally responsible for the payment of any wages or salary to anyone employed at Walmart Store No. 722.

11.

I did not create the policies, procedures, and training materials utilized by Wal-Mart Stores East, LP as part of its efforts to reasonably inspect and maintain Walmart Store No. 722 in June of 2019.

12.

I have never been personally responsible for the repair and maintenance of the building or premises of Walmart Store No. 722.

13.

I have never been personally responsible for the payment of any property taxes, or any other taxes, upon Wal-Mart Store No. 722.

14.

I have never been personally responsible for any business license fees or other governmental fees required for the operation of Walmart Store No. 722.



15.

I have never determined the hours of operation for Walmart Store No. 722.

16.

I never agreed to accept any personal legal duty to Plaintiff or the Decedent. I am a normal employee and person who requires time off to attend to my own life and family. Accordingly, on Wednesday, June 19, 2019, I was on my day off from work and was not involved in any aspect of the operation, occupancy, inspection, maintenance or management of Walmart Store No. 722.

17.

Even when I am at Walmart Store No. 722, as the Store Manager I have substantial administrative and management duties which require me to be in the office, attending meetings, on phone conferences, and reporting to managing superiors which precludes me from being constantly patrolling or observing the entirety of Walmart Store No. 722 which covers a large interior retail space exceeding __ square feet, plus parking and some exterior retail areas. It is not physically possible nor is it a part of my job duties for me to personally inspect and maintain the entire premises of Walmart Store No. 722 all day, every day. Walmart employs other assistant managers, department managers and associates, many of whom I do not directly supervise on a regular basis, to whom Walmart



policies and procedures assign job duties to them to observe and act to reasonably maintain the premises in a reasonably safe condition. While I also have such duties on those occasions when I am on the sales floor, I was not at the Store or on the sales floor of the store on June 19, 2020.

FURTHER DECLARANT SAYETH NOT.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on April 24, 2020.

_____
Joseph P. Settoon